**614**

311 So.2d 438

**DEPARTMENT OF INDUSTRIAL RELATIONS**

v.

**Glen M. TAYLOR.**

**Civ. 470.**

Court of Civil Appeals of Alabama.

Feb. 19, 1975.

Rehearing Denied March 12, 1975.

Arthur J. Reid, Gen. Counsel, Richard S. Brooks, Asst. Gen. Counsel, Dept. of Industrial Relations, Montgomery, for state Dept. of Industrial Relations.

T. J. Carnes, Albertville, for appellee.

WRIGHT, Presiding Judge.

This is an appeal from a judgment granting unemployment compensation.

Appellant, Department of Industrial Relations, hereafter called the Department, complains that the trial court erred in applying the law to the facts.

Claimant filed a claim for unemployment compensation on November 11, 1973, and renewed his claim weekly thereafter until January 7, 1974. The claim was denied by the Department's referee and subsequently by the Board of Appeals. Claimant appealed to a trial de novo in circuit court.

Facts stipulated were as follows: Claimant has established base period employment with Boaz Nehi Bottling Company. On October 12, 1973, after notice, claimant voluntarily left his job with Nehi and immediately became employed with Revere Copper and Brass, Inc. in Oneonta, Alabama. On November 7, 1973 he was laid off by Revere for economic reasons.

Claimant filed first claim for compensation on November 11, 1973, and weekly thereafter until finding other employment on January 7, 1974.

The issue presented to the trial court was whether denial of benefits was proper under the law.

By amendment approved September 17, 1973, Section 214, Title 26 of the Code was substantially changed in meaning when applied to the stipulated circumstances of this case. Prior to the last amendment an individual was disqualified from receiving benefits if he left his *employment* voluntarily without good cause connected with his work, but he was not so disqualified if he immediately took another job and was employed thereon for not less than ten weeks.

As amended, Section 214(B) states:

"An individual shall be disqualified for total or partial unemployment . . . ,

"If he has left his *most recent bona fide work* voluntarily without good cause connected with such work." (Emphasis added.)

Though we have not been cited any legislative or administrative definition of *bona fide work,* we find indication of its meaning in Section 214(B)(4). Without setting this subsection out, it is evident that "bona fide work" is to be determined by the circumstances of the leaving of his next preceding employment and whether the last job was taken with the intention that it was to be permanent rather than just temporary until he could return to the next preceding employment. In this case we are spared the necessity of determining whether claimant's most recent employment was bona fide work. It was stipulated to be so.

We therefore conclude that claimant was not disqualified because it was stipulated that he left his most recent bona fide work because of an economic lay off by his employer and not voluntarily.

However, the Department argues that the amendment, though approved on September 17, 1973, prior to filing of the claim, did not become applicable to the situation of claimant until November 25, 1973. Section 10 of Act, No. 1057 (the amendment) states:

"Section 10. Sections 6 and 7 of this bill shall apply to claims with a benefit

year beginning on and after the first day of the tenth calendar week which begins after this bill becomes law."

It is the contention of the Department that the filing of a claim on November 11, 1973, placed claimant under the disqualifying provisions of the statute prior to amendment. Thus claimant could never be qualified for benefits—we must disagree with the Department.

The benefit year of a claimant is defined by Section 194 of Title 26 as meaning the "one-year period beginning with the first day of the first week with respect to which an individual who is unemployed first files a valid claim for benefits . . . ."

 We construe a "valid claim" as being a claim made at a time and under circumstances which qualifies one for benefits and which begins his benefit year. If an individual is found to be disqualified under the claim it is not "valid"; his benefit year does not begin. This does not necessarily mean that at another time and under other circumstances such claim will not be "valid."

Claimant filed his first claim on November 11, 1973. His claim was invalid because the new amendment had not become effective. A "benefit year" did not begin because the claim was not valid. Had claimant known of the effective date of the amendment, he could have delayed filing a claim until November 25, 1973. His claim would have been a valid one and his benefit year would have begun.

Claimant did file a claim on November 25, 1973, and weekly thereafter until January 7, when he found employment. He became fully qualified on that date by law. His claim on November 25 was a valid one, because he was not disqualified as a matter of law.

The argument that claimant by filing too soon and before the amendment took effect, foreclosed a later valid claim cannot be accepted. The further argument that the claim of November 25 did not satisfy the formality of an original claim is specious.

We agree with the trial court that a valid claim was made by claimant on November 25, 1973. The benefit year began on that date and claimant became entitled to benefits thereafter until he became re-employed on January 7, 1974. The Unemployment Compensation Act is to be liberally construed. Tennessee Coal, Iron & Railroad Company v. Martin, 251 Ala. 153, 36 So.2d 547.

Affirmed.

BRADLEY and HOLMES, JJ., concur.